FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 03, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>DON N. MARTIN, JR.,<br><br>               Defendant. | No.  2:05-cr-2017-EFS-1<br><br>**ORDER REDUCING THE <u>FEDERAL</u> SEX-OFFENDER REGISTRATION PERIOD**<br><br>**\*Order does not reduce State registration requirements** |

Defendant Don Martin, Jr., filed a pro se motion asking the Court to remove the requirement that he register as a sex offender.[1] The United States opposes his request.[2] After reviewing the initial briefs, the Court issued a draft order, which would have granted Mr. Martin the requested relief pursuant to 34 U.S.C. § 20915(b), and asked the

---

[1] ECF No. 181.

[2] ECF Nos. 182, 185.

ORDER – 1

parties to comment on the draft order.[3] Mr. Martin did not comment; the United States did comment, arguing that the Court lacks jurisdiction to terminate the federal-registration requirement and expressed concern that, if the Court grants the requested relief, Mr. Martin may overlook that he still must register as a sex offender under Washington state law.[4] As is explained below, the Court has the authority to reduce the registration period if Mr. Martin satisfies the § 20915(b) clean-record factors. And the Court so finds that Mr. Martin satisfies the factors; therefore, Mr. Martin is allowed a clean-record reduction of 5 years to the 15-year federal-registration period. Because he has registered for more than 10 years, his federal registration obligations are hereby terminated. This federal reduction **does not terminate Mr. Martin's sex-offender reporting obligations under state law**—he must seek relief for such in state court.

A.  Background

In January 2006, Mr. Martin pled guilty to Receipt and Distribution of Child Pornography in violation of 18 U.S.C.

---

[3] ECF No. 184.

[4] ECF No. 185.

§ 2252A(a)(2)(A).[5] The plea agreement allowed the United States to recommend several special conditions of supervised release, one of which was that Mr. Martin "register as a sex offender, according to the laws of each state in which the defendant resides, is employed, or is attending school. The Defendant shall provide verification of compliance with this requirement to the Probation Officer."[6]

Mr. Martin's plea was entered prior to the enactment in July 2006 of the Adam Walsh Child Protection and Safety Act, also known as the Sex Offender Registration and Notification Act (SORNA), which rewrote the sex-offender registration and notification federal standards.[7] SORNA tightened up the sex-offender registration and notification laws and increased coordination between different jurisdictions, thereby allowing states and other jurisdictions to better track convicted sex offenders.[8] SORNA requires any tier 1 sex offender

---

[5] ECF No. 75.

[6] ECF No. 75 at 13–14.

[7] 34 U.S.C. §§ 20901 *et seq*.

[8] *Id.*; s*ee* Adam Walsh Child Protection & Safety Act of 2006; Cong. Rec. Vol. 152, No. 99 (House - July 25, 2006) (Cmts. by Congressman John

to keep their registration current for fifteen years, excluding any time the sex offender is in custody.[9] In addition, SORNA created a Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking (SMART) Office within the Department of Justice to administer the standards for sex-offender notification and registration.[10]

In November 2006, Mr. Martin was sentenced to 108 months custody and 7 years of supervised release.[11] One of the terms of supervised release required Mr. Martin to "register as a sex offender, according to the laws of the state in which defendant resides, is employed, or is attending school. Defendant shall provide verification

---

Phillip Gingrey from Georgia to Speaker), available at https://www.congress.gov/congressional-record/volume-152/issue-99/house-section/article/H5705-1.

[9] *Id.* § 20915(a)(1).

[10] 34 U.S.C. § 20945. *See* U.S. Dep't of Justice, SMART: Legislative History of Federal Sex Offender Registration and Notification, available at https://smart.ojp.gov/sorna/current-law/legislative-history.

[11] ECF No. 153.

of compliance with this requirement to the supervising probation officer."[12] Under SORNA, Mr. Martin's sex offense is considered a tier 1 sex offense, and thus Mr. Martin is required to comply with SORNA's registration requirements for 15 years.[13]

Mr. Martin completed his custodial term, including a 6-month placement at a residential re-entry center, and then began supervised release in February 2012.[14] By October 2014, Mr. Martin completed his sex-offender treatment, and polygraphs indicated that Mr. Martin remained compliant with his conditions of supervision.[15] In September 2015, Mr. Martin, with the assistance of counsel, filed a motion to

---

[12] ECF No. 153 at 4 ¶ 21.

[13] 34 U.S.C. §§ 20911(1), (2), 20913. *See also*, 28 C.F.R. § 72.3 ("All sex offenders must comply with the requirements of that Act, regardless of when the conviction of the offense for which registration is required occurred (including if the conviction occurred before the enactment of that Act. . . )).

[14] ECF No. 175 at 1–2.

[15] ECF No. 172.

terminate his supervised release early.[16] The motion stated Mr. Martin "complied with sex offender registration laws – an obligation that will continue even after expiration of the current sentence."[17] The Court denied Mr. Martin's motion with leave to renew.[18]

In June 2016, Mr. Martin again filed, with the assistance of counsel, a motion to terminate his supervised release early.[19] The United States had no objection to Mr. Martin's motion.[20] Given Mr. Martin's compliance, the Court granted his motion and terminated Mr. Martin's supervised release on July 29, 2016.[21]

---

[16] ECF No. 175.

[17] ECF No. 175 at 3.

[18] ECF No. 176.

[19] ECF No. 178.

[20] ECF No. 179 ("[O]ver the past four years, the Defendant has been fully compliant with all conditions of supervised release. The Defendant has completed treatment, aftercare, and has had no issues . . . Therefore, the government has no objection to the Defendant's motion for early termination of supervised release.").

[21] ECF No. 180.

Now, after 14 years of compliance with registration requirements,[22] Mr. Martin seeks relief from his continued reporting obligations. Mr. Martin advises that his registration requirement is "impos[ing] significant hardship in an ongoing custody dispute and is still being used as a tool to unfairly prejudice the Court against me."[23]

The United States opposes his motion. In its first opposition, the United States argues that Mr. Martin's "sex offender registration requirements are governed by the state in which he resides," rather than by federal law, and therefore asks the Court to dismiss Mr. Martin's motion for failure to state a claim upon which relief can be granted."[24] In its response to the Court's draft order, the United

---

[22] The United States does not contest that Mr. Martin has complied with his federal and state registration requirements. Mr. Martin has been in the community since August 30, 2011, when he began a six-month placement at a residential re-entry center.

[23] ECF No. 181 at 2.

[24] ECF No. 183. The United States cited the former version of SORNA, 42 U.S.C. § 16911 et seq., which applied when Mr. Martin was sentenced. However, SORNA was reclassified and is now found at 34

ORDER – 7

States 1) identifies that Mr. Martin's duty to register as a sex offender is a requirement imposed as a matter of law; 2) asks the Court to find there is no private right of action created by 34 U.S.C. § 20915(b) and therefore the Court has no subject matter jurisdiction over Mr. Martin's request; and 3) expresses concern that Mr. Martin will not appreciate that he still has a responsibility to register under state law even if this Court eliminates his need to register under federal law.[25] In neither response does the United States contest that Mr. Martin satisfies the clean-record-reduction factors under 34 U.S.C. § 20915(b).

**B.    Mr. Martin's SORNA Registration Requirements**

Because of Mr. Martin's conviction in this case, he is a "sex offender" and SORNA requires him to register "in each jurisdiction"

---

U.S.C. 20911 *et seq*. In addition, the United States cites the wrong subsection of RCW 9A.44.128. It is RCW 9A.44.128(12)(i) that applies to "any federal conviction classified as a sex offense under 34 U.S.C. Sec. 20911, or prior to September 1, 2017, 42 U.S.C. Sec. 16911 (SORNA)."

[25] ECF No. 185.

where he resides, is an employee, and is a student.[26] Under SORNA, Mr. Martin is considered a tier 1 sex offender and thus he must provide the required information to his jurisdiction(s)-of-registration for 15 years "unless [he] . . . is allowed a reduction" for a clean record.[27] SORNA states:

> (b) Reduced period for clean record
>     (1) Clean record
>         The full registration period shall be reduced as described in paragraph (3) for a sex offender who maintains a clean record for the period described in paragraph (2) by--
>         (A) not being convicted of any offense for which imprisonment for more than 1 year may be imposed;
>         (B) not being convicted of any sex offense;
>         (C) successfully completing any periods of supervised release, probation, and parole; and
>         (D) successfully completing [sic] of an appropriate sex offender treatment program certified by a jurisdiction or by the Attorney General.
>     (2) Period
>         In the case of--
>         (A) a tier I sex offender, the period during which the clean record shall be maintained is 10 years; and
>         (B) a tier III sex offender adjudicated delinquent for the offense which required registration in a sex registry under this subchapter, the period during which the clean record shall be maintained is 25 years.
>     (3) Reduction

---

[26] 34 U.S.C. § 20913(a).

[27] 34 U.S.C. § 20915(a); *Id.* § 20914.

ORDER – 9

>    In the case of--
>    (A) a tier I sex offender, the reduction is 5 years; . . . .[28]

The United States does not contest that Mr. Martin satisfies the four clean-record factors. Instead, the United States argues that this Court lacks the authority to reduce Mr. Martin's federal-registration period as requested.

A federal court's jurisdiction is limited; the Court "possess[es] only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]"[29] Pursuant to 18 U.S.C. § 3231, a federal district court has original jurisdiction over "all offenses against the laws of the United States."[30] The Court's jurisdiction to hear the underlying criminal case charging Mr. Martin with the sex offense under 28 U.S.C. § 2252A was based on 18 U.S.C. § 3231.

In comparison, the Court's ancillary jurisdiction to hear Mr. Martin's current motion "flows out of the congressional grant of

---

[28] *Id.* § 20915(b).

[29] *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (simplified).

[30] 18 U.S.C. § 3231.

jurisdiction to hear cases involving offenses against the United States pursuant to 18 U.S.C. § 3231."[31] The U.S. Supreme Court has recognized that a court may exercise ancillary jurisdiction for "two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."[32] Here, the Court's exercise of authority serves the second purpose as the Court is executing rather than nullifying SORNA's clean-record provisions, provisions that Mr. Martin is subject to because of the underlying sex-offense conviction and sentence imposed by this Court.

It is important to highlight what Mr. Martin is not requesting in his motion. Mr. Martin is not seeking to reduce his already served custodial sentence or supervised-release term. Mr. Martin has not filed

---

[31] *See United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000) (discussing ancillary jurisdiction in a criminal proceeding).

[32] *Kokkonen*, 511 U.S. at 379–80 (simplified).

a new civil proceeding to seek § 20915(b) relief.[33] Mr. Martin is not seeking to expunge his sex-offense conviction.[34] Moreover, the Court is not weighing equitable grounds to determine if Mr. Martin is entitled to a clean-record reduction; instead, the Court is considering the delineated statutory factors. As previously mentioned, the United States does not contest that Mr. Martin satisfies each of the statutory clean-record factors:

    1 & 2) Mr. Martin has not been convicted of any new offense, including any sex offense.

---

[33] *See Gillotti v. United States*, No. 21-cv-404(JLS)(LGF), 2023 WL 1767462 (W.D.N.Y. Feb. 2, 2023) (dismissing for lack of jurisdiction the pro se civil petition for relief from SORNA's federal-registration requirement); *Wiggins v. United States*, No. 1:18-cv-3492-TWP-DLP, 2019 WL 5079557 (S.D. Ind. Oct. 10, 2019) (dismissing the civil action brought by a plaintiff, who had been convicted of a sex offense in military court, because 34 U.S.C. § 20915(b) did not create a private right of action).

[34] *Cf. Sumner*, 226 F.3d at 1014–15.

ORDER – 12

3) He successfully completed the supervised release imposed by this Court.

4) He successfully completed the sex offender treatment program required by the U.S. Probation Office.[35]

Under these circumstances, the Court may effectuate the statutory directive that "the full registration . . . be reduced" for Mr. Martin because he maintained a clean record for 10 years.[36]

---

[35] *See* ECF No. 178 at 4 (Defense counsel averring that Mr. Martin "has successfully participated in drug and sex offender treatment programs."); ECF No. 179 at 2 (The United States acknowledging that Mr. Martin "has completed treatment, aftercare, and has had no issues.").

[36] 34 U.S.C. § 20915(b)(1). *See also United States v. Zwiebel*, No. 2:06CR720-DAK, 2023 WL 2480052 (D. Utah March 13, 2023) (determining the court had jurisdiction to grant the defendant's petition to reduce his SORNA registration period); *United States v. Kite*, No. 5:05-cr-0022, 2023 WL 1956687 (W.D. Va. Jan. 13, 2023) (terminating the defendant's obligation to register because he satisfied SORNA's clean-record requirements); *United States v. Davenport*, No.

Accordingly, Mr. Martin has completed SORNA's sex-offender registration requirement. He is therefore no longer subject to SORNA.

Nonetheless, as the United States highlights, Mr. Martin still has a separate responsibility to register as a sex offender under Washington law. RCW 9A.44.140(5), which governs the duty to register in Washington, states: "Except as provided in RCW 9A.44.142, for a

---

CR-06-06-M-DWM, 2022 WL 4547652 (D. Mont. Sept. 29, 2022) (same); *United States v. Stovall*, No. 06-CR-00286-REB, 2021 WL 5086067 (D. Colo. Nov. 2, 2021) (concluding the court had jurisdiction to hear the SORNA-based motion because "federal district courts address in closed criminal cases the collateral consequences of a criminal conviction"); *United States v. Templin*, 354 F. Supp. 3d 1181 (D. Mont. 2019) (terminating the defendant's SORNA-registration requirement). *But see United States v. Wagner*, No. 22-11958, 2023 WL 3092909 (11th Cir. Apr. 26, 2023) (affirming the district court's finding that it lacked subject matter jurisdiction); *United States v. Studeny*, No. CR-11-180-JCC, 2019 WL 859271 (W.D. Wash. Feb. 22, 2019) (granting the government's motion to dismiss for lack of jurisdiction the defendant's request to terminate his SORNA registration requirement).

person required to register for a federal, tribal, or out-of-state conviction, the duty to register shall continue indefinitely." RCW 9A.44.142, in turn, allows one who is "required to register for a federal or out-of-state conviction" to seek relief from the duty to register under Washington law after "the person has spent 15 consecutive years in the community without being convicted of a disqualifying offense during that time period."[37] **Whether the instant federal offense still serves as a predicate offense for Washington's sex-offender registration requirements is a matter for Washington courts, not this Court. Mr. Martin may file a petition for relief from the duty to register as a sex offender in Washington State Superior Court pursuant to RCW 9A.44.142.[38] If he does, Mr. Martin may attach a copy of this Order to his petition.**

C. Conclusion

For the reasons given above, **IT IS HEREBY ORDERED**:

---

[37] RCW 9A.44.142(1)(c).

[38] *See, e.g.*, https://www.courts.wa.gov/forms/?fa=forms.contribute&formID=84.

1. Mr. Martin's Motion for Relief from Sex Offender Registration Requirement, **ECF No. 181**, is **GRANTED**.

2. Mr. Martin is entitled to a reduction of the duration of his SORNA registration requirement from 15 years to 10 years under 34 U.S.C. § 20915. Because he has registered for more than 10 years as a tier 1 sex offender, his duty to register under SORNA is hereby **terminated**.

3. **This order does not terminate any sex offender registration requirements that may apply to Mr. Martin under the law of the State of Washington or any other state**.

IT IS SO ORDERED. The Clerk's Office is directed to enter this order and to provide copies Mr. Martin, counsel, and the U.S. Probation Office.

**DATED** this 3rd day of November 2025.

*Edward F. Shea*
EDWARD F. SHEA
Senior United States District Judge